## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

**Sarah Buttram, Cynthia Begay, and
Amanda Mackey,**

       **Plaintiffs,**

**v.**                          **Case No. 1:18-cv-00919-LF-GBW**

**Sol Oriens, LLC and Lawrence Mark Fleenor,**

       **Defendants.**

## DEFENDANTS' MOTION AND MEMORANDUM IN SUPPROT OF PARTIAL MOTION TO DISMISS AND SEVER DUE TO MISJOINDER

     Defendants Sol Oriens, LLC ("Sol Oriens") and Mark Fleenor ("Fleenor") (collectively referred to as "Defendants") submit this Motion and Memorandum in Support of their Partial Motion to Dismiss and to Sever Due to Misjoinder.[1]

## BACKGROUND

     The three named Plaintiffs jointly filed a single complaint against Defendants.  All three allege discrimination in violation of the New Mexico Human Rights Act ("NMHRA").  In Count II of the Complaint, Plaintiff Sarah Buttram alleges a cause of action for harassment and retaliation in violation of Title VII.  In Count III of the Complaint, Plaintiff Mackey alleges violation of the Equal Pay Act.  Despite the fact that these claims have been joined in one lawsuit, the factual allegations offered by each Plaintiff are distinct and individualized.  In the fact, the Complaint lays out three totally separate sets of factual allegations for each of the three plaintiffs that are alleged to form the basis of their respective claims.

---

[1] Defendants conferred with Plaintiffs prior to filing this Motion and determined that the Motion is opposed.

Paragraphs 11 through 18 form the basis of Plaintiff Sarah Buttram's ("Buttram") claims. Buttram claims that she was subjected to sexual harassment and hostile conditions throughout her employment at Sol Oriens. Buttram claims that the harassment included Fleenor yelling at her, reprimanding her, making comments about her clothing, touching her back, and removing job duties without explanation. Buttram also claims that she was retaliated against after she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that she was forced to resign her employment. Buttram received a Right to Sue from the EEOC and an Order of Non-Determination from the New Mexico Human Rights Bureau ("NMHRB").

Paragraphs 19 through 27 form the basis of Plaintiff Cynthia Begay's ("Begay") claims. Begay is a current employee who claims that she witnessed Fleenor demonstrate hostility toward female employees. Begay further claims that she was named as a witness in an internal investigation related to Buttram's EEOC Charge and that in retaliation, her health reimbursement benefits were taken from her and that she received unwarranted counseling. Begay received an Order of Non-Determination from the NMHRB but has yet to receive a Right to Sue letter from the EEOC on her federal claims. Despite the fact that she has not exhausted her federal claims, Begay joined her claims with Buttram and Mackey.

Paragraphs 28 through 34 detail the facts that support Plaintiff Amanda Mackey's ("Mackey") claims. Mackey alleges she was harassed by a former co-worker named "Trent" with whom she shared an office. Mackey claims that she complained about Trent to Fleenor but that Fleenor refused to move her office and instead began harassing her by taking money from her, mocking her discomfort in front of other employees, and criticizing her. Mackey also contends that she made less money than her male counterparts. Mackey received an Order of Non-Determination from the NMHRB but she has yet to receive a Right to Sue letter from the EEOC

on her federal claims.  Despite the fact that she has not exhausted her federal claims, Mackey joined her claims with Buttram and Begay.

## ARGUMENT

### I.   Plaintiffs' claims should be severed due to misjoinder.

The claims of the three Plaintiffs have been improperly joined.  It is permissible for plaintiffs to join their claims together in a single action when they assert any right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."  Fed.R.Civ.P. 20(a).  In order to ascertain if a particular factual situation constitutes a transaction or occurrence for purposes of Rule 20, courts consider whether a "logical relationship" exists amongst and between the claims. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir.1974) ("'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.") (internal quotation omitted) (emphasis added).

Plaintiffs' claims, as pled, are not transactionally related. While the claims involve similar legal issues and rest upon the same legal theories, they turn on distinct facts that are unique to each Plaintiff.  For example, Plaintiff Buttram resigned her employment in July 2018, while Plaintiff Mackey resigned her employment in January 2018.  Conversely, Plaintiff Begay is still employed with Sol Oriens.  Further, each Plaintiff's sexual harassment claim differs.  Buttram's allegations stem from comments and actions allegedly committed by Fleenor.  Plaintiff Mackey's allegations on the other hand relate to interactions she had with a co-worker named Trent, whom she claims harassed her.  Plaintiff Begay's allegations stem from her participation in an internal investigation. Finally, Mackey alleges an additional claim, under the Equal Pay Act, separate and apart from the

claims asserted by the other two Plaintiffs, and Mackey and Begay have not yet exhausted the administrative remedies associated with their federal claims.  Under these circumstances, there is no logical relationship binding together Plaintiffs' individual claims.  *See Sheets v. CTS Wireless Components, Inc.,* 213 F.Supp.2d 1279 (D. N.M. 2002) (holding that the plaintiffs' discrimination and retaliation claims against their employer were not transcationally related because the plaintiffs were fired at different times and under different circumstances); *see also Grayson v. K-Mart Corp*., 849 F.Supp. 785, 788-789 (N.D.Ga.1994) (holding that the same); *Watson v. Blankinship*, 20 F.3d 383, 389 (10th Cir.1994) (same).

There are several employment discrimination cases wherein courts have permitted plaintiffs to maintain joinder even though their claims may appear factually distinct. *See e.g., Mosley*, 497 F.2d at 1333; Mack v. J.C. Penney Co., 108 F.R.D. 30, 32 (S.D.Ga.1985); *Vulcan Soc'y of Westchester County v. Fire Dept. of White Plains*, 82 F.R.D. 379, 387 (S.D.N.Y. 1979). Such cases are distinguishable from this case, however, by the fact that the plaintiffs in those cases claimed that their employer discharged them pursuant to a central policy of discrimination. See *Mosley*, 497 F.2d at 1333-34 ("[W]e conclude that a company-wide policy purportedly designed to discriminate against blacks in employment similarly arises out of the same series of transactions or occurrences."); *Mack*, 108 F.R.D. at 32 ("[A]ll plaintiffs attack the alleged employment of a uniform policy of racial discrimination in the hiring, firing and promotion of black individuals in defendant's Waycross store."); *Vulcan Soc. of Westchester County*, 82 F.R.D. at 387 ("Each of the plaintiffs alleges a pattern and practice of discrimination by the defendants...."). In contrast, Plaintiffs do not allege in this case that Defendants had a company-wide discrimination policy, so their claims are not logically related.

Plaintiffs' individual claims should be severed under Rule 21 because party joinder in this case is improper under Rule 20(a). *See* Fed.R.Civ.P. 21 (stating that party misjoinder provides a basis for severance). Severance will result in the misjoined parties, in this case Plaintiffs Begay and Mackey, being dropped from the original action, which will proceed in Plaintiff Buttram's name. *See* Rule 21 (stating that when a court orders severance, claims against misjoined parties are dropped and pursued in a separate action or actions). Plaintiffs Begay and Mackey must file individual complaints in their own respective names. However, they cannot file any federal claims until they have exhausted their administrative remedies, as explained below.

## II.   <u>Begay's and Mackey's claims should be dismissed for failure to exhaust.</u>

A plaintiff must generally exhaust her administrative remedies prior to pursuing a Title VII claim in federal court. *See Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012) (exhaustion of administrative remedies required before pursuing Title VII lawsuit); *see also MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005) ("[A] plaintiff must exhaust her claims before the EEOC as a prerequisite to federal court jurisdiction over her ADA claims"). Exhaustion of administrative remedies is considered "a prerequisite to suit" under Title VII. "Title VII plaintiffs must clear three procedural hurdles before bringing suit in federal court: (1) file a discrimination charge with the EEOC, (2) receive a right-to-sue letter from the EEOC, and (3) file suit within ninety days of receiving the letter." *Kinney v. Blue Dot Servs. of Kan.*, 505 F. App'x 812, 814 (10th Cir. 2012) (unpublished); *see also Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) ("[A] plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter."), *abrogated in part on other grounds by Eisenhour v. Weber Cty.*, 744 F.3d 1220, 1227 (10th Cir. 2014).

Here, Plaintiffs Begay and Mackey concede that they have not completely exhausted their administrative remedies in their Complaint.  Specifically, they allege, "Their federal claims are still pending before the EEOC.  Upon receiving a Notice of Right to Sue, Plaintiffs Begay and Mackey will amend this Complaint to include their federal claims."  *See* Complaint at ¶ 10.  Yet, Plaintiffs Begay and Mackey seem to allege that because they received Orders of Non-Determination from the New Mexico Department of Workforce Solutions, they should be permitted to bring suit against Defendants now, before they have completely exhausted all of their administrative remedies.  However, this Court recently considered this very issue and held, based on New Mexico law, that the plaintiff's complaint had to be dismissed for failure to exhaust.

In *Smelser v. Sandia Corp*., 2018 U.S. Dist. LEXIS 54037, *13-14 (D.N.M. March 30, 2018), the plaintiff argued that the notice she received at the conclusion of the administrative proceedings for her NMHRA claim also satisfied the exhaustion requirement for her Title VII and ADA claims pursuant to the work-sharing agreement in place between the EEOC and the New Mexico Human Rights Division.  *Id*.  In considering this issue, Judge Brack relied on New Mexico Supreme Court precedent articulated in *Mitchell-Carr v. McLendon*.  In that case, the New Mexico Supreme Court held that that the work-sharing agreement does not permit "a shared resolution of those charges by the EEOC and the Division" due to "significant differences in administrative authority under federal and state law."  1999-NMSC-025, ¶ 15, 980 P.2d 65, 127 N.M. 282.  Thus, a non-determination notice from the Division did not satisfy the plaintiff's obligation to independently exhaust her federal claims through the EEOC. *See id*. at ¶¶ 11, 14 (holding that receipt of an EEOC right-to-sue notice is insufficient to satisfy exhaustion requirements for a NMHRA claim); *see also Rodriguez v. Wet Ink, LLC*, 603 F.3d 810, 814 (10th Cir. 2010) (noting that a number of courts have found that "a state agency's right-to-sue notice does not trigger the

federal filing period and vice versa"); *see also Benavidez*, 212 F. Supp. 3d at 1067 ("Whether complainants decide to pursue their grievances with the EEOC or with the NMHRD, they must exhaust their respective regimes' administrative remedies before seeking judicial review.").

Based on *Mitchell-Carr v. McLendon*, Judge Brack, held that the plaintiff could not obtain relief in federal court under Title VII because she had not exhausted her administrative remedies for those claims. *Smelser v. Sandia Corp*., 2018 U.S. Dist. LEXIS 54037, *13-14. The circumstances of this case warrant the same result. Plaintiffs Mackey and Begay cannot obtain relief in this Court under Title VII because they did not exhaust their administrative remedies for those claims. *Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012) (dismissing plaintiff's disparate treatment claim in Title VII lawsuit due to her failure to file this claim with the EEOC and to receive a right-to-sue letter); *Chung v. El Paso Sch. Dist. #11*, 659 F. App'x 953, 957 (10th Cir. 2016) (unpublished) ("A plaintiff may not bring a Title VII action until she has exhausted her administrative remedies by filing an EEOC charge and receiving notice of her right to sue"); *Juarez-Galvan v. United Parcel Serv., Inc*., 577 F. App'x 886, 887 (10th Cir. 2014) (unpublished) ("A right-to-sue letter is a jurisdictional prerequisite to a Title VII lawsuit.").

## CONCLUSION

Defendants ask that the Court sever all three Plaintiffs' claims due to misjoinder. Defendants further request that Plaintiffs Begay and Mackey not be permitted to assert any claims under Title VII until they completely exhaust their administrative remedies on those claims. Defendants conferred with Plaintiffs prior to filing this Motion and determined that the Motion is opposed.

Respectfully submitted,

JACKSON LEWIS P.C.

By: */s/Andrea K. Robeda*
        Danny W. Jarrett
        Andrea K. Robeda
800 Lomas Blvd NW, Suite 200
Albuquerque, NM 87102
 (505) 878-0515
*jarrettd@jacksonlewis.com*
*Andrea.Robeda@jacksonlewis.com*
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

We hereby certify that we electronically filed the foregoing pleading through the CM/ECF system on this 9th day of October, 2018 and emailed to the following:

FREEDMAN, BOYD, HOLLANDER, GOLDBERG, URIAS & WARD PA
Karen F. Grohman
Shammara H. Henderson
20 First Plaza, Suite 700
Albuquerque, NM 87102
505-842-9960
kfg@fbdlaw.com
Attorneys for Plaintiffs

/s/ *Andrea K. Robeda*
Andrea K. Robeda